IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MOISES GARCIA, JR., TDCJ No. 358154, §
    Petitioner, §
§
v. § EP-10-CV-105-KC
§
RICK THALER, Director, Texas Dep't §
of Criminal Justice, Corr. Inst. Div., §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner Moises Garcia, Jr. ("Garcia"), a *pro se* state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition [ECF No. 6], Garcia challenges his mandatory supervision revocation by the Texas Board of Pardons and Paroles ("the Board"). He attacks both the revocation and subsequent state habeas proceedings. In his answer [ECF No. 10], Respondent Rick Thaler ("Thaler") asserts "one of Garcia's claims is not cognizable on federal habeas review and his remaining claims are barred by the statute of limitations."[1] For the reasons discussed below, the Court concludes that Garcia is not entitled to § 2254 relief. The Court will accordingly dismiss his petition. The Court will additionally deny Garcia a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On May 23, 1983, a jury in El Paso, Texas, found Garcia guilty of aggravated rape and assessed punishment at fifty-five years' imprisonment.[2] On April 9, 2003, the Board ordered

---

[1] Resp't's Resp. 1.

[2] *State v. Garcia*, No. 35,254-171 (171st Dist. Ct., El Paso County, Tex. May 23, 1983), *aff'd*, No. 08-84-00119-CR (Tex. App.–El Paso, Feb. 6, 1985, no pet.).

Garcia's release from prison and placed him on mandatory supervision. Garcia failed to abide by the conditions of his supervised release and, after a revocation hearing, the hearing officer recommended that the Board place Garcia in an intermediate sanction facility. A field officer and an additional reviewer disagreed with the hearing officer, and they recommended that the Board revoke Garcia's mandatory supervision. On August 11, 2006, the Board issued a warrant for Garcia's arrest and revoked his mandatory supervision. On January 19, 2007, the Board denied Garcia's motion to re-open the revocation proceedings.

Garcia filed two state writ applications challenging the Board's decision. Garcia submitted the first of these applications on August 23, 2007, which the Texas Court of Criminal Appeals denied without written order on October 31, 2007.[3] Garcia then filed a second application on September 17, 2008, which the Texas Court of Criminal Appeals denied without written order on March 18, 2009.[4] This proceeding followed on March 12, 2010.

In his petition, Garcia identifies four grounds for relief. First, he maintains that he was unable to develop the factual basis for his claims in the state habeas proceedings because the district court clerk forwarded his application to the Texas Court of Criminal Appeals without an evidentiary hearing in the district court. Second, he asserts that the hearing officer at his revocation hearing denied him the right to confront and cross examine an adverse witness. Third, he declares that he had no prior notice of the evidence his parole officer would offer against him at his revocation hearing. Finally, he claims that his defense attorney and the hearing officer knew or should have known at his revocation hearing that the proceedings violated his due process rights.

---

[3] *Ex Parte Garcia*, WR-68666-01 (Tex. Crim. App. Oct. 31, 2007).

[4] *Ex Parte Garcia*, WR-68666-02 (Tex. Crim. App. Mar. 18, 2009).

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[5] and the writ of habeas corpus is "an extraordinary remedy"[6] reserved for those petitioners whom "society has grievously wronged."[7] It "is designed to guard against extreme malfunctions in the state criminal justice system."[8] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[9] They must generally defer to state court decisions on the merits[10] and on procedural grounds.[11] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[12] Thus, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination

---

[5] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[6] *Id.*

[7] *Id.* at 634.

[8] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[9] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[10] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[11] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[12] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

of the facts in light of the evidence presented in the State court proceeding.[13]

Moreover, § 2254 petitions are subject to a one year statute of limitations.[14] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by State action . . . is removed," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[15]

A properly filed state collateral attack tolls the limitation period.[16] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[17] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[18] It is justified only "in rare and exceptional circumstances."[19] Such circumstances include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his

---

[13] 28 U.S.C.A. § 2254(d) (West 2011).

[14] *See* 28 U.S.C.A. § 2244(d)(1) (West 2011) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[15] *Id*. §§ 2244(d)(1)(A)-(D).

[16] *See Id*. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

[17] *See Holland v. Florida*, -- U.S. – , -- ,130 S. Ct. 2549, 2560 (U.S. 2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[18] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[19] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

rights.'"[20] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[21] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[22] Moreover, a petitioner has the burden of proving that he is entitled to equitable tolling.[23] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[24] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[25]

With these principles in mind, the Court turns to the merits of Garcia's claims.

## ANALYSIS

In his first ground for relief, Garcia challenges his state habeas proceedings. He suggests that the state courts did not conduct full and fair reviews of his claims. However, § 2254 permits a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[26] "An attack on a state

---

[20] *Id*. (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[21] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[22] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[23] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[24] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[25] *Cousin*, 310 F.3d at 848.

[26] 28 U.S.C.A. § 2254(a).

habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"[27] Thus, "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."[28] Accordingly, Garcia is not entitled to § 2254 relief on this claim.

In his remaining grounds for relief, Garcia challenges the proceedings on August 3, 2006, which resulted in the revocation of his mandatory supervision. He asserts that the hearing officer denied him the right to confront an adverse witness, he declares that he had no prior notice of the evidence his parole officer would offer against him, and he claims that his defense attorney and the hearing officer knew or should have known that the proceedings violated his due process rights. These claims are clearly time-barred.

In his petition, Garcia does not question his underlying conviction.[29] He does not claim that the State in any way impeded his timely filing of a § 2254 application[30] or allege a claim based on a "right . . . newly recognized by the Supreme Court" and "made retroactively applicable to cases on collateral review."[31] Therefore, the date on which the limitations period began to run in

---

[27] *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (quoting *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987)).

[28] *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984).

[29] *See* 28 U.S.C.A. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

[30] *See id.* § 2244(d)(1)(B) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action.").

[31] *See id*. § 2244(d)(1)(C) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

this case is "the date on which the factual predicate of the . . . claims presented could have been discovered through the exercise of due diligence."[32]

Garcia should have discovered the basis for his claims through the exercise of due diligence no later than January 19, 2007, the date the Board denied his motion to re-open his revocation proceedings. Garcia's first state writ application—which he filed 216 days after the Board denied his motion—tolled the limitations period for the 69-day period between August 23, 2007, and October 31, 2007.[33] Therefore, the limitations period expired on March 28, 2008, or 149 days after the Texas Court of Criminal Appeals denied his first state application. Garcia's second state writ application—which he filed on September 17, 2008—did not toll the limitations period.[34] Garcia constructively filed his instant petition on March 11, 2010, the day on which he signed and presumably mailed it to the District Clerk.[35] Therefore, his petition is untimely by two years, eleven months, and twelve days, and must be denied, unless equitable tolling applies.

This case, however, does not warrant equitable tolling. Garcia has not presented facts that would demonstrate the rare and exceptional circumstances that warrant application of the equitable tolling doctrine. Garcia has not provided any explanation for his delay. There is no evidence that the State actively mislead Garcia in any way or that extraordinary circumstances prevented the

---

[32] *See id*. § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

[33] 28 U.S.C.A. § 2244(d)(2).

[34] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

[35] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (explaining a *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court).

timely filing of his petition. "[E]quity is not intended for those who sleep on their rights."[36] Garcia has failed to meet his burden of showing that he is entitled to equitable tolling of the limitations period.

Accordingly, the Court concludes that Garcia may not receive § 2254 relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[37] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[38] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[39] Although Garcia has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[40]

A certificate of appealability "may issue . . . only if the applicant has made a substantial

---

[36] *Coleman*, 184 F.3d at 403; *see also Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (explaining that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights).

[37] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[38] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[39] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[40] *See* 28 U.S.C.A. 2254 Proc. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

showing of the denial of a constitutional right."[41] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[42] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[43] Here, Garcia is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Garcia is may not receive relief under 28 U.S.C. § 2254. Accordingly, the Court will enter the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Moises Garcia, Jr.'s *pro se* petition for a writ of habeas corpus by a person in State custody pursuant to 28 U.S.C. § 2254 [ECF No. 6].

2. Further, the Court **DENIES** Petitioner Moises Garcia, Jr., a **CERTIFICATE OF APPEALABILITY**.

3. Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if

---

[41] 28 U.S.C.A. § 2253(c)(2).

[42] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[43] *Id.*

any**.**

**SO ORDERED.**

**SIGNED** this 11th **day of August 2011.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE